Good morning. May it please the court. My name is Mark Hutchison and I represent the Virginia Mason Medical Center Winslow Clinic, the employer in this case. At the end of the day, this case may turn on who has the burden of proving when a one-year time period begins. It was not Congress but the National Labor Relations Board that created by its common law process the so-called certification year rule. This rule provides that a union must have one full year during which it is irrebuttably presumed that a majority of employees in the bargaining unit support the union. In addition, the board has created two different sub-rules for determining when the year begins. The first rule is that the year starts on the date the board certifies the union as the exclusive bargaining representative. The second rule is that the year begins when bargaining begins if the board's certification is tested and then affirmed by a circuit court decision. The board has further refined the second rule to provide that bargaining begins with the first face-to-face bargaining session unless that first face-to-face meeting was significantly delayed by the union. Now, as in all unfair labor practice cases, the burden of proving all aspects of the complaint is on the general counsel for the board. And the general counsel's burden in this case is to prove by a preponderance of the evidence, of the record evidence, that the year began with the first face-to-face meeting because that meeting was not unreasonably delayed by the union. On its face, a four-month delay is unreasonable. Such a delay extends a 12-month period to 16 months. That's another third. Why, in effect, doesn't the answer to this case follow almost entirely from Compton? Because in Compton, there was never an information request that would give a basis for saying the information, the year should start there because the duty to bargain includes the duty to furnish information. It did say that it starts on the date of the first face-to-face session. And so that's a clean, it's a clean, clear date. There may be some other sensible start dates out there also. Right. But why doesn't? Well, in Compton, there was not the unique situation we have in this case where we're balancing, at one end of the spectrum, four months, at the other end of the spectrum, four or five days. And there is no evidence in this case that this employer otherwise bargained in bad faith, did not do anything to cause the delay. The delay was totally attributable to the union. There is absolutely no explanation for the delay. And at the end of the day, the rights of employees to determine their own destiny is being determined by a union that delayed the start of bargaining for four months. So based on the particular circumstances and the facts in this case, Compton is distinguishable. And it's irrational to say the employee should be deprived of their ability to be shed of the union that they no longer wish to be represented by that caused the delay in the first place by extending from 12 months to 16 months the period of time that the certification year exists. It's just unfair. It's irrational. And it's not right. And what the board is trying to do, which it cannot do, is shift from the general counsel to the employer the burden of proving whether the delay was unreasonable. You know, when I'm just reading through this thing, logically, it struck me as fitting, the construct struck me as fitting normal affirmative defense. So why isn't, in effect, the rule that the board has the burden on is to show the start date and the burden on somebody who knows the answer, which is one of the two parties involved, to raise as an affirmative defense. Well, that shouldn't be the start date. The default date shouldn't be the date because there was unreasonable or undue delay or bad faith. Well, we start with a statute. And the statute says that the board must follow the rules of civil procedure. And I've checked the rules of civil procedure, particularly Rule 8, and I can't find an affirmative defense in there that would apply to this situation. Instead, the board has articulated its rule as saying that the year will start in our circumstances. Isn't it sort of like unclean hands or, you know, inequitable conduct or something like that which we traditionally think of as an affirmative defense? No. To the contrary, the board has clearly stated that the rule is that the year will start with the first bargaining session unless that session was delayed unreasonably. And then the – so that's the rule. So if – to start with, the general counsel has got to prove that, that the first bargaining session should start the year period in this time, in this case, because it was not unreasonably delayed by the union. And the board in its decision acknowledges that by saying it strikes us, that a four-month delay is not unreasonable. Well, that is – there's no record evidence to support that. That surmises speculation. Okay. One more question, and that is, what is there in the record that shows or doesn't show unreasonable delay other than the choice of the start date? Absolutely nothing. And that's the problem. All we have in the record is the fact that the first bargaining session occurred on a certain date. There is absolutely no explanation for why the delay occurred. The board asks the wrong question. It says, well, the employer didn't object to the start of the bargaining process. Well, why would the employer object unless it wanted to get that clock running as soon as possible so it could get through the year sooner than later and then withdraw recognition at the end? That would be highly inconsistent with the employer's duty to bargain in good faith. And in this case, the facts are clear. It's admitted that the employer bargained in good faith. So the fact that the employer didn't object is totally irrelevant. The question, it should be, did the employees object? It's their bargaining representative who's sitting on their hands. We don't know whether they objected. We can't find out. The party that knows why there was delay is the union. And the board, on behalf of the union, certainly could go and ask. But how could the employer know why the union took so long? It's impossible for the employer to carry the burden if the burden is shifted to the employer. It's unfair. There is no question that the first meeting was delayed by a little over four months from the date of the circuit court's decision. And this court could take judicial notice that under these circumstances, weighing four months against four or five days, that a four-month delay is significant enough to raise the issue of whether the delay was unreasonable or unwarranted. Knowing that the answer will impact whether the employees can have their wishes met. So as a result, the general counsel had the burden of proving and persuading the board and this court that the record evidence supports a reasoned conclusion that the delay was not unreasonable and that the union's right to a full 16 months of bargaining, despite 22 bargaining sessions and no evidence or findings of any other unfavorable practices committed by this employer related to the bargaining, outweighs the employee's right to be heard and no longer be represented by the union that caused the delay in the first place. The question is not whether the certification year may be shortened to allow what would otherwise be a premature withdrawal of recognition, but whether the year should be extended to 16 months to prevent effect being given to the employee's petition to be shed of representation. The general counsel had the burden of proving with a preponderance of supporting record evidence that a four-month delay was not unreasonable in these particular circumstances and that the certification year appropriately began on the first day of the first face-to-face bargaining session. That burden of proof is not met here and there is no record evidence supporting such a finding. But the board said in footnote four of its Van Dorn Plastic Machinery Company decision applies to this case, and I quote, although the instant case does not afford an occasion to outline a possible indicia of procrastination and bad faith, it would be appropriate to consider whether a union has refused, without explanation, requests by a ready and willing employer to commence bargaining negotiations. In this way, the rule announced today does not leave the commencement of the certification year within the unrestricted discretion of one of the parties. Close quote. By enforcing the board's order in this case, the court would sanction a result that leaves the commencement of the certification year with the unrestricted discretion of the union. On behalf of both this employer and its employees, I request that you not sanction such a result. Thank you. Thank you, Mr. Hutchinson. Mr. Engelhardt. May it please the Court. My name is Robert Engelhardt, and I represent the National Labor Relations Board in this case. I'd like to make three points essentially this morning. The first is that I would invite the Court's attention to two circuit court decisions that I think are most helpful and most on point in resolving the issue in this case. The first one is this Court's decision 20 years ago, almost 20 years, 1990 in National Medical Hospital of Compton. And the second one follows a year later from the Sixth Circuit, Van Dorn Plastics. Both those cases stand for the proposition that the certification year begins upon the face-to-face meeting of the parties. And the second case, the Sixth Circuit case, Van Dorn Plastics, specifically addresses the point raised by the hospital here, or the medical center here, and that is should it be started by the information, fulfilling the information request. And the Court considered the policy considerations in the board's rule and upheld the board's rule as reasonable that it should begin with face-to-face bargaining. The second issue I'd like to touch upon is whether the issue of the certification year running was properly litigated in this case. The medical center argues that it came too late when the judge, the administrative law judge, at the beginning of Respondent's case indicated that the judge was concerned that there was a premature withdrawal of recognition in this case. And at that point, and that's even before Respondent or the medical center began its case, the medical center acknowledged that it was going to prove that the certification year began with its fulfilling of the information request. That can be seen at page 220 of the transcript. So the issue was joined there, in fact, far earlier than the issue was properly joined in even National Medical Center Hospital of Compton, this Ninth Circuit case from 1990, where that time it was first decided by the administrative law judge in the decision itself. So there's much earlier notice here. The third point I'd like to talk about is the affirmative defense issue. You can see in both the National Medical Hospital of Compton and in the Sixth both courts are talking about the indication of procrastination or bad faith, and they both turn to whether the employer has proffered evidence, and they consider that evidence. That's appropriate. It's unusual. Usually the party that benefits from a finding of bad faith bears the burden of showing that. It's not the government's obligation to show the absence of bad faith. It puts the issue in play by saying it was withdrawn, the recognition was withdrawn within the certification year, and then an affirmative defense is available to the employer to say that that certification year began too late because there was bad faith or procrastination. As counsel has just indicated, one way of showing bad faith or procrastination would be an indication from the employer that it had asked for an earlier date that the union was rejected. In this case, there was no request by the employer for an earlier date. Indeed, the employer did pick the first date that the union proffered, but that date was honored by the union October 1st, and that's when negotiations began. Also, the four months involved here, while it's called delay, certainly not all four months are fairly called delay. Is it unreasonable delay? Well, in both of the circuit court cases that I just mentioned, they involved three months in this Court's Compton case and four months in Vandoren. Neither was found to be unreasonable. And I would note for the Court that in Compton, there was no extra time that was needed by the union to consider a response to an information request. When that was fulfilled, the union now has new names of people in the unit, can reconstitute a bargaining unit, a bargaining committee, meet with the committee, address whether there have been changes in conditions of employment that now make those priorities in bargaining that didn't exist at the time when the union was first certified before the challenge to the unfair labor practice procedure. So there was a differing factor in this case that required more time from the union. At this point, if there are no further questions, there are no questions from the Court. I think the Court went real silent. Thank you, Mr. Engelhardt. Is that Mr. Hutchinson? Very briefly. You're over time, so just wrap up quickly, if you will, please. I would like to point out the obvious, that this bargaining unit consisted of a very small group of employees working at a single location. It would not take a long time for this union to get back together, that group, and prepare itself and commence bargaining. And this Court has held in Compton that it is not a rule, this rule, that the boards cannot be manipulated by the union unfairly to extend the certification year. The board made clear that it would not equate the commencement of the bargaining year with the first bargaining session if there had been significant delay in the commencement of bargaining attributable to the union. We approve of that qualification. That qualification applies in this case. Thank you. Mr. Hutchinson, thank you very much, both of you, for your argument. And the matter just argued will be submitted. And next year I'll be doing western management.
judges: Fletcher, Rymer, Fisher